---

## Case No. 18,216.

### In re ZINN et al.

[4 N. B. R. 370 (Quarto, 123); [1] 40 How. Prac. 461.]

District Court, S. D. New York. Jan. 9, 1871.

ASSIGNEE IN BANKRUPTCY—QUALIFICATIONS.

The election of a near relative of the bankrupt as assignee is not proper. In such case, the appointment by the register of a regular assignee (according to the rules of the district) will be confirmed.

---

[1] [Reprinted from 4 N. B. R. 370 (Quarto, 123), by permission.]

By JOHN FITCH, Register:

The above entitled matter is now pending before me, at chambers of this court, and is a voluntary proceeding under the bankrupt act [of 1867 (14 Stat. 517)]. A warrant was issued to the U. S. marshal as messenger, duly served and published, and returned in due form. The petitioners have been duly adjudged bankrupts upon their own petition as a firm and individually. The whole number of creditors named in the warrant, including those of the firm and the individual creditors, are about sixty (60). That on or previous to the day of the first meeting of creditors, eighteen claims had been proven. At the first meeting of creditors eight creditors signed a paper in the words and figures following, to wit, and to which John H. Bradley was sworn (form No. 63), which is herewith returned. [In conformity to the decisions (In re Bliss [Case No. 1,543]; In re Scheiffer [Id. 12,445]), I state the reasons which compel me to withhold my approval of the choice of trustee.] [2]

It is represented to me by creditors who have proved their claims, that John H. Wyman, of the city of New York, Samuel Wyman, Jr., H. D. Aldrich, and the bankrupts, or some of the bankrupts, are related to each other, and that the bankrupt, Herman D. Aldrich, Jr., is a nephew of Herman D. Aldrich, who is one of the creditors of the estate of said bankrupts, making a claim by Samuel Wyman, Jr., his attorney, in the sum of one hundred and eighty-eight thousand eight hundred and sixty-six dollars and eighty-eight cents. It is also represented to me that said Herman D. Aldrich is now insane, and is in the insane asylum. Said Samuel Wyman, Jr., exhibited but did not place on file a power of attorney, but not a power of attorney in these proceedings in bankruptcy. It appears that George C. T. Seaman, one of the committee of creditors, is a resident of the city of Elizabeth, in the state of New Jersey, and not a resident of the Southern district of New York; and the decisions in the cases (In re Harris [Case No. 6,112]; Anon. [Id. 461]), would render him ineligible, [as the court in the Case of Havens [Id. 6,231], say that an assignee must reside in the judicial district in which the proceedings are pending.] [2] It has been uniformly held by the courts, that they will not affirm the appointment or election of an assignee who is a relative of the bankrupt. It is also held that it is an objection to the trustee that he is a relative of the bankrupt. In re Stillwell [Id. 13,447]; [2] [In re Powell [Id. 11,354]; In re Bogert [Id. 1,600]. And if an assignee has been chosen by the particular friends of the bankrupt, the court will not affirm such choice. In re Bliss [supra]; In re Mallory [Case No. 8,990]. [2] As such a large amount of the debts proved are owned by H. D. Aldrich, who is said to be insane, and by Samuel

---

[2] [From 40 How. Prac. 461.]

Wyman, Jr., attorney for H. D. Aldrich, and by George C. T. Seaman, and the claims of many of the other creditors being small, the larger claims so overbalance them that they had but little or no voice in the proceedings. Their rights must therefore be more carefully protected by the court than if they appeared by counsel. Mr. John H. Wyman and George C. T. Seaman are both men of good character and standing in the community.

After examining the authorities applicable to this case, and particularly the decision of Judge Hall, in Re Stillwell [supra], I cannot legally sign the certificate attached to form No. 63 without the direction of the court. I hold, as a matter of law, that the proceedings had by the creditors on the return day of the warrant were void, and not a compliance with the rule and practice of this court. That an assignee was chosen or voted for, and that John H. Wyman is ineligible as trustee on account of relationship, [and that all notes given for a near relation of the bankrupt are void,—similar to the clause in the constitution of this state (1847), declaring all votes cast for a justice of the supreme court during his continuance in office void except for the court of appeals. A similar provision is contained in the constitution of the state of Michigan.][2] And that George C. T. Seaman is ineligible as one of the committee on account of his not being a resident of the Southern district of New York; that under the bankrupt act, and by the rules of this court, to appoint John Sedgwick assignee, in order that, should your honor concur in the opinion of Judge Hall, in re Stillwell, the case may proceed regularly. Should I not do so, an alias warrant would have to issue delaying the proceedings unnecessarily. I also send a blank form, No. 63, in order, should your honor decide adversely to the decision of Judge Hall, I can sign the certificate thereto nunc pro tunc. In doing so, the court gets entire possession of the case, and can dispose of it on the hearing. Mr. Cummings, counsel for some of the creditors, desires to be heard orally by the court, and also requests the certificate to form No. 63. Augustus C. Fransioli, attorney for creditors, also desires to be heard orally by the court.

The proof of the claim of H. D. Aldrich, by Samuel Wyman, Jr., attorney, in the sum of one hundred and eighty-eight thousand eight hundred and sixty-six dollars and eighty-eight cents, is hereunto annexed, and the papers in the case not on file in the clerk's office submitted, and also the papers and protest of the creditors represented by F. C. Fransioli, attorney. Should any question arise as to the relationship of the parties, a reference can be had to ascertain the facts. It is exceedingly desirable that the court should lay down a rule as to relatives of bankrupts, etc., serving as trustees on committees, in order that it may be followed

[2] [From 40 How. Prac. 461.]

in all cases. That the application of creditors for the examination of the bankrupts and witnesses is hereto annexed, and the register desires directions from the court as to the course he should pursue in regard to the same.

BLATCHFORD, District Judge. Under section 43, the bankrupts and such creditors as may desire to be heard will be heard, on notice, as to whether the resolution appended to the certificate of the register was duly passed, and whether the interests of the creditors will be promoted thereby, and whether it ought to be confirmed by the court. Meantime the appointment of Mr. Sedgwick as assignee is approved, and he will take such steps as shall seem proper in view of the facts set forth in the certificate of the register and in the papers annexed to it.

[For subsequent proceedings, see Case No. 18,215.]